## PARKHURST *versus* JACKSON.

If, at the time of paying the debt for another, a surety shall receive from a third person, a note or contract to pay him the amount, so paid as surety, that such note or contract was received in payment, is a presumption of law.

And if the surety would avoid that presumption, he must show by proof, that it was received as collateral security.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

ASSUMPSIT, for money paid for defendant.

It appeared that plaintiff was surety for defendant, to one Johnson, in two promissory notes, which he paid.

The defence was, that he paid them for Isaac Lunt, and not for defendant.

It appeared, that while these notes were outstanding, the defendant conveyed his property to Isaac Lunt, taking a bond from him for his maintenance, and a mortgage to secure the conditions of the bond, and Lunt was also to pay all of defendant's debts.

In Nov. 1848, Lunt gave to plaintiff a quitclaim deed of the land conveyed to him by defendant, and took an obligation from the plaintiff to re-convey the same upon payment being made to him of $407,18, in yearly installments of $100.

There was also a contract by plaintiff, to convey a parcel of land to defendant on the discharge of all sums due to him.

The defendant introduced testimony, tending to show, that the debt to Johnson was paid for Lunt, and that Lunt was to give plaintiff his notes and a deed of his farm therefor, and that the arrangement was perfected, by including the sum paid to Johnson in the obligation of Nov. 1848.

The presiding Judge instructed the jury, that if they should be satisfied that the amount paid by plaintiff to Johnson was reckoned and constituted a part of the same, upon payment of which, the plaintiff by his contract was obliged to convey the farm to the defendant, that would not necessarily constitute a payment by Lunt of that amount, because the farm appeared to have been conveyed as security, taking the deed and contract together as constituting one contract; that they

would consider whether the testimony satisfied them, that the farm was conveyed in payment, or as security; and if as security, that conveyance would not prevent a recovery by the plaintiff; but if satisfied that Lunt at that time gave to the plaintiff a note or contract to pay him the amount paid to Johnson, the presumption of law was, that such note or contract was received in payment, and not as collateral security, and the plaintiff could not recover unless he should satisfy them by proof that such note or contract was not received in payment, but as collateral security only.

The verdict was returned for the plaintiff.

*Knowles*, for defendant, maintained that the facts in the case undisputed, constituted a valid and legal defence, and that it was immaterial whether the notes were given or not, and that such should have been the instruction of the Court, and on this point the charge was erroneous.

The instruction to consider whether the farm was conveyed in *payment* or as *security*, and, if as *security*, that conveyance would not prevent a recovery by the plaintiff, was incorrect.

This instruction was calculated to mislead the jury, for that question had no applicability to the case between these parties.

Jackson had nothing to do with that conveyance. It was between Parkhurst and Lunt, so that conveyance could neither operate as payment or as security from Jackson to Parkhurst.

*W. Kelley*, for plaintiff.

RICE, J. — The defendant, Jackson, had borrowed money of Johnson to the amount of about two hundred dollars, for which he gave his note, on which the plaintiff was surety. Jackson had also made an arrangement with Lunt, by which Lunt, was obligated to pay all his debts, and also a contract in which Lunt, among other things, obligated himself by bond, to support the defendant during his natural life, and as security for the fulfillment of the conditions of this bond, Lunt gave the defendant a mortgage of his farm. In this condition of things the defendant contends, that the plaintiff paid

the notes to Johnson under an agreement with Lunt, and for Lunt, whose duty it was to discharge these notes.

The case, then, presents but a single question of fact, to wit, whether the plaintiff paid the notes of Jackson to Johnson, for Lunt, or on his own account, as surety for Jackson. If they were paid for Lunt, they were thereby discharged, absolutely, as against Jackson, and this action cannot be maintained. If the payment was as surety for Jackson, then the plaintiff is entitled to recover for money paid for defendant.

The jury were instructed, that if Lunt at that time (when notes to Johnson were paid) gave the plaintiff a note or contract to pay him the amount paid to Johnson, the presumption of the law was, that such note or contract was received in payment, and not as collateral security, and plaintiff could not recover, unless he should satisfy them by proof, that such note or contract was not received in payment, but as collateral security.

The defendant contends, that this instruction was too narrow, and calculated to restrict and mislead the jury ; that it was wholly immaterial whether Lunt gave the plaintiff a note or other contract to pay this money or not ; that the true and only question was, whether the money was paid *for Lunt*. This may be so. But before we can determine, that the instructions were erroneous, we must look at the state of facts upon which they were based. Mary Lunt, a witness, introduced by the defendant, testifies that the arrangement between the plaintiff and Lunt was, that the plaintiff was to pay Johnson, and Lunt was to give him his notes and a deed of his place therefor. Lunt, a witness also introduced by the defendant, testified, that he did give the plaintiff his note or agreement in writing, payable in installments of one hundred dollars yearly, for a sum in which the money paid to Johnson was included. There is no suggestion of any other arrangement, or that the money was paid in any other manner. In view of the facts presented, the instructions were sufficiently

broad to cover the whole case, and as favorable to the defendant as the law would admit.

As to the motion, it is objected that the case is not certified by the Judge as containing the whole evidence, which was presented at the trial.

The law as it then stood did not require such a certificate of the presiding Judge. The case seems to have been presented to the jury by the presiding Judge with great care, and their attention was particularly called to the real point in issue between the parties. There was evidence on both sides, and it is manifest, that the jury did not place full reliance on the testimony of Lunt. Looking at the whole evidence in the case, the Court cannot say, that it clearly appears, that therein they were in error.    *Exceptions and motion overruled.*

*Judgment on the verdict.*

TENNEY, APPLETON and HATHAWAY, J. J., concurred.